**No. 79SA424**

**City and County of Denver, and Arthur Dill v. The District Court for the Second Judicial District of Colorado, and the Honorable John Brooks, one of the judges thereof; Opal Scott, Louis Ray, John Porter, Jr., and Turning Point, Inc.**

(607 P.2d 985)

Decided March 10, 1980.

Halaby and Bahr, Theodore S. Halaby, Michael P. Bahr, for petitioners.

Morrato, Gueck & Colantuno, P.C., James L. Hammer, for respondents, District Court, Judge Brooks, and Opal Scott.

Girsh & Rottman, Solomon Girsh; Sheldon, Bayer, McLean & Glasman, P.C., Richard C. McLean, for respondents Louis Ray, John Porter, Jr., and Turning Point, Inc.


*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.


This case is an original proceeding brought under C.A.R. 21, challenging a discovery ruling of the respondent district court. We remand the case for reconsideration, consistent with the views expressed in *Martinelli v. District Court.* 199 Colo. 163, 612 P.2d 1083 (1980).

The basis for this original proceeding is a civil action instituted by the plaintiff, Opal Scott, in the respondent district court. The defendants in that action are the City and County of Denver (Denver), the Denver Police Department (department), the chief of the police department, Arthur Dill (Dill), and a police officer employed by the department, Louis Ray.[1] Based on an incident which occurred on May 4, 1978, the plaintiff alleges, *inter alia*: (1) that defendant Louis Ray negligently assaulted the plaintiff; (2) that Denver and the department are liable under the doctrine of *respondeat superior* for the negligent acts of defendant Louis Ray; (3) that Denver and the department acted negligently in retaining Louis Ray as a police officer; and (4) that the negligent acts of defendant Louis Ray and of Denver and the department were committed with malice and with a wanton and reckless disregard for the rights and feelings of the plaintiff. The plaintiff seeks actual damages in the amount of $350,000 and exemplary damages in the amount of $150,000.

Pursuant to C.R.C.P. 34, the plaintiff served the department and Dill with a request for production of documents, seeking the opportunity to inspect, among other things, "[a]ny and all reports, investigations, notes, and interviews with witnesses from the Staff Investigation Bureau's files relating to the incident on May 4, 1978, between Plaintiff and Defendant, Louis Ray."

---

[1] The plaintiff also names as codefendants the Turning Point, Inc. (the scene of the incident on which the plaintiff's cause of action is based) and Johnny Porter, Jr. (an officer or agent of the Turning Point).

Denver, the department, and Dill objected to the request for production of documents, claiming a privilege under the Colorado "open records laws," sections 24-72-201 *et seq.* and 24-72-301 *et seq.*, C.R.S. 1973 (Vol. 10 & 1979 Supp.). The plaintiff filed a motion to compel production of the requested materials. After an *in camera* examination of those materials, the respondent court granted the plaintiff's motion as to specified items and denied the motion as to the remainder of the requested materials. Denver, the department, and Dill then brought this original proceeding, challenging the partial granting of the motion to compel production.

The issues raised in this original proceeding parallel those addressed in a recent decision of this court. *Martinelli v. District Court, supra.* As in *Martinelli,* the record before us does not indicate the basis for the partial granting and partial denial of discovery with respect to the materials sought to be inspected by the plaintiff. We therefore direct the respondent court to conduct a second *in camera* examination of those materials, to make appropriate findings, and to grant or deny discovery, subject to appropriate protective orders, consistent with the views expressed in *Martinelli.*

Rule made absolute.